HERMAN K. A. FRITSCHE *vs.* MARGARETHE FRITSCHE, EXECUTRIX.

First Judicial District, Hartford, October Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A will ambiguous or uncertain on its face should be construed in the light of the circumstances which surrounded the testator when it was made, including the situation and condition of his estate and of his family and beneficiaries and their mutual relations; and, therefore, a demurrer which is addressed solely to the legal effect of the written instrument, and disregards any possible modifying influence of legitimate evidence *aliunde*, ought to be overruled.

Argued October 9th—decided December 5th, 1902.

ACTION to recover the amount of a legacy, brought to the Court of Common Pleas for Hartford County where a demurrer to the complaint was sustained (*Coats, J.*) and judgment rendered for the defendant, from which the plaintiff appealed. *Error and cause remanded.*

Johann Ludwig Carl Fritsche dying left a will which was duly probated by his wife, the defendant herein, who was named as executrix, and who duly qualified as such and settled the estate in due form. The second clause of the will, which had thereinbefore provided for the payment of debts and funeral expenses, was as follows:—

"I give, devise, and bequeath to my wife, Margarethe Fritsche, all my property of every description, both real and personal, of whatsoever the same may consist or wheresoever it may be situate; and it is my wish that the remainder thereof, if any there be after her death, shall be divided equally between Franklin Seymour Reed, Emma Mathilde Schmidt, née Reed, Louis Edward Reed, Flora Amanda Mann, née Reed, Nettie Reed, daughter of Robert Reed, deceased, Herman Karl August Fritsche, and Walter Fritz Hans Fritsche." Mrs. Fritsche was named as executrix without bonds.

Subsequently Fritsche made a codicil which, aside from its formal parts, was as follows:—

" Whereas, by my last will and testament, dated the eighteenth day of May, eighteen hundred and ninety-one, I gave to Nettie Reed, daughter of Robert Reed, deceased, one-seventh of the remainder, if any there be, of my property, after the death of my wife Margarethe Fritsche, I do hereby by this present writing, which I declare to be a codicil to my said will, revoke the said legacy, and give to the said Nettie Reed in lieu thereof one hundred dollars. In the event of the death of my said wife Margarethe Fritsche, named as executrix in said will, I appoint Joseph Buths of Hartford, executor in her stead of said will and of this codicil. And I hereby ratify and confirm my aforesaid will in all respects, except so far as changed or altered by this codicil." Later still, Fritsche made another codicil revoking the gift in the will to the plaintiff and another, and giving them, in lieu thereof, $300 each, using for this purpose the precise language of the first codicil.

The complaint alleges the making of the will and codicils which are annexed thereto as exhibits, the death of the testator, the defendant's qualification as executrix, her settlement of .the estate, the acceptance of her final account, the existence in her hands thereafter of sufficient assets to pay all legacies, the right of the plaintiff to receive $300 by virtue of the last codicil, and the defendant's neglect and refusal to pay the same to him, and prays judgment.

To this complaint the defendant demurred, upon the ground " that the said Johann L. C. Fritsche by said will gave all his property to his wife, the said Margarethe Fritsche, the defendant herein, and the $300 mentioned in the codicil was a conditional bequest, and was not to be paid to the said Herman Karl Fritsche until after the death of Margarethe Fritsche, and then only in case there was property remaining at the time of her death."

The court sustained the demurrer and thereupon rendered judgment for the defendant.

*Noble E. Pierce*, with whom was *Marcus H. Holcomb*, for the appellant (plaintiff).

*Harrison B. Freeman, Jr.*, with whom was *Frederick A. Scott*, for the appellee (defendant).

PRENTICE, J.   This action calls for the construction of a will and its codicils.   The plaintiff's right of recovery depends entirely upon the result of such construction.   Neither the will itself, nor its codicils taken in connection with it, unmistakably express the testator's intention.   The ambiguities in them are apparent.

The cardinal rule of construction with respect to wills is that the intention of the testator is to be sought after and, if not inconsistent with some established principle of law, carried into effect.   This intention may be gathered not only from within the instrument itself, but also from the circumstances which surrounded the testator when the will was made, including the situation and condition of his estate, his relations to his family and beneficiaries, and their situation and condition.   The construing court will put itself as far as possible in the position of the testator, in the effort to construe the uncertain language used by him in such a way as shall, conformably to the language, give force and effect to his intention.

In the present case the defendant demurred to the complaint, which is barren of facts *aliunde* the will which might aid in its construction.   The effect of this procedure is to impose upon him the burden of maintaining that the will was not susceptible of a construction consistent with the plaintiff's claims.   If, under the accepted rules of testamentary interpretation, such a construction was possible, the plaintiff was entitled to have the will go to the court for its construction with such aid as might be furnished by proper evidence to be adduced by the parties.   It certainly cannot be claimed for this will and its codicils, that their language is such that it would not bear reasonable interpretation in harmony with the plaintiff's contention.   So far is this from being true, that even upon their face the plaintiff's position is one which might be urged, as it is, with no little force. If added force could be given by proper evidence tending to

disclose the intention of the testator, the plaintiff was entitled to it. If, on the other hand, the evidence proved to be to a contrary effect, it was the defendant's privilege to avail himself of it. In either event the court was fairly entitled to have such aid to construction as the circumstances of the case furnished.

The demurrer was addressed to the legal effect of the will upon its face; not to the absence of any allegations in the complaint of extrinsic facts to support the construction of its provisions assumed by the plaintiff. Whether, if such facts exist, they should have been pleaded, is a point which, as it has not been presented, we do not consider.

There is error in the sustaining of the demurrer and in the rendition of judgment, and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.